IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL BASILE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ROBERT AYERS, Warden,<br><br>　　　　　Respondent.　　　　　　　／ | No. C 06-05371 SBA (PR)<br><br>**ORDER DIRECTING PETITIONER TO FILE A NOTICE OF INTENT TO PROSECUTE AND TO PROVIDE COURT WITH CURRENT ADDRESS** |

　　　　Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　It has been about a year since Petitioner has communicated with the Court. Petitioner filed a traverse on May 22, 2007, and he has not communicated with the Court since that date. Because of the length of time since Petitioner's last communication with the Court, it is unclear whether he intends to continue to pursue the claims set forth in his habeas petition at this time.

　　　　Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order. See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. See id. The court should afford the litigant prior notice of its intention to dismiss. See Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987). Furthermore, pursuant to Northern District Local Rule 3-11, a party proceeding pro se whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. See L.R. 3-11(a).

　　　　Accordingly, it is in the interests of justice and judicial efficiency for the Court to establish whether Petitioner intends to continue to prosecute this action. Petitioner shall file a notice of his current address and his continued intent to prosecute no later than **twenty (20) days** of the date of

1  this Order.  Failure to do so will result in the dismissal of this action without prejudice for failure to

2  prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  See Malone, 833 F.2d at 133

3  (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

4      IT IS SO ORDERED.

5  DATED: 6/9/08

    SAUNDRA BROWN ARMSTRONG
    United States District Judge

P:\PRO-SE\SBA\HC.06\Basile5371.41(b)NOTICE.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DAVID MICHAEL BASILE,

        Plaintiff,

  v.

ROBERT AYERS et al,

        Defendant.

Case Number: CV06-05371 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 12, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Michael Basile C70016
San Quentin State Prison
San Quentin, CA 94964

Dated: June 12, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.06\Basile5371.41(b)NOTICE.wpd